(46 Misc. Rep. 96)

## WALCOTT v. LITTLE.

### SAME v. JAMES H. DUNHAM & CO.

(Supreme Court, Appellate Term.  December 23, 1904.)

1. CORPORATIONS—BOOKS—EXAMINATION BY STOCKHOLDERS—PENALTY—STATUTES—CONSTRUCTION.

Stock Corporation Law, Laws 1892, p. 1831, c. 688, § 29, as amended by Laws 1900, p. 218, c. 128, and by Laws 1901, p. 965, c. 354, requires the stockbook of every stock corporation to be open daily for inspection of stockholders, who are authorized to make extracts therefrom, and declares that, if any officer or agent of any such corporation shall willfully neglect or refuse to allow such books to be inspected and extracts taken therefrom, the corporation and such officer or agent shall forfeit to the party injured a penalty of $50 for every such neglect or refusal, etc.  *Held*, that the penalty prescribed was not cumulative, and hence, where a stockholder brought two separate actions for several refusals, one against the corporation and the other against the officer making them, the stockholder was only entitled to recover a single penalty in each case.

Appeals from Municipal Court, Borough of Manhattan, First District.

Actions by John R. Walcott against William A. Little and James H. Dunham & Co.  From judgments in favor of plaintiff in each case, defendants appeal.  Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Gould & Wilkie, for appellants.
Dichman, Luckey & Schwartz, for respondent.

FREEDMAN, P. J.  After reargument and full reconsideration of the main question presented in these cases, we must adhere to the decision rendered by this court after the first argument, which was to the effect that for three separate refusals to exhibit to the plaintiff, as a stockholder of the James H. Dunham & Co. corporation, the defendants, under section 29 of the stock corporation law (Laws 1892, p. 1831, c. 688, as amended by Laws 1900, p. 218, c. 128, and Laws 1901, p. 965, c. 354) were liable but for one penalty in each action.  That decision was based on the opinion of the Court of Appeals in Cox v. Paul, 175 N. Y. 328, 67 N. E. 586, in which it was said:

"Penal statutes are not passed to enable parties to make money by accumulating the penalties.  They are generally passed for the purpose of compelling the performance of some duty, public or private, and ordinarily one penalty will secure the end as effectually as many, especially when the penalty is so large as in this case.  But, quite independent of these considerations, I

think that the court is committed to the doctrine that a party suing for penalties can recover but for one violation or one default prior to the commencement of the action," etc.

The position thus taken by the Court of Appeals under a statute which prescribed a penalty for "any refusal" has been reaffirmed in the recent cases of Griffin v. Interurban Street Railway Co. and Scudder v. Same, 179 N. Y. 438, 72 N. E. 513, which were brought to recover penalties against said railway company for a refusal to give transfers under section 104 of the railroad law (Laws 1892, p. 1406, c. 676), which prescribed a penalty for "every refusal." While, therefore, the question in the cases last referred to arose under a statute different from the one applicable to the case at bar, the reasons there assigned apply with equal force here, the words of the two statutes being identical, and the plaintiff in the present case having admitted that his several demands for the examination of the stockbook were for the purpose of getting a certain information sought once for all.

In each of the above-entitled actions, therefore, the judgment must be modified and reduced so as to permit a recovery for one penalty only, with costs to the plaintiff in the court below, but without costs of this appeal to either party. All concur.